UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD DIEDERICH,

          Plaintiff,

v.

MICHAEL SERVITTO, et al.,

          Defendants.

Case No. 2:22-cv-11654

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER**
**SUA SPONTE DISMISSING CASE**

Plaintiff Chad Diederich sued two Michigan judges, Judge Michael Servitto and "Chief Judge Biennet [sic]" (the Honorable James Biernat), along with a Community Corrections Advisor, Jeslyn Agee, under 42 U.S.C. § 1983 in their individual and official capacities for constitutional violations. ECF 1, PgID 2–3. Because the complaint was largely illegible, the Court ordered Plaintiff to refile the complaint in legible writing or printed text. ECF 4. The Court also granted in forma pauperis status but did not screen the complaint under 28 U.S.C. § 1915(e). *Id.* Plaintiff timely filed an amended complaint. ECF 6.

The amended complaint alleged that Judge Servitto arraigned Plaintiff on a probation violation for a failed drug test. *Id.* at 28. After Plaintiff posted bond, Agee evaluated Plaintiff and recommended to Judge Servitto that Plaintiff go to outpatient treatment. *Id.* Judge Servitto then ordered Plaintiff back to Court without an attorney, ordered Plaintiff to Macomb County jail, and increased Plaintiff's bond. *Id.*

1

A few days later, Agee changed her recommendation to ninety days in-patient treatment. *Id.* at 29.

When Plaintiff was at the treatment facility, Plaintiff had a hearing with Judge Servitto via Zoom. *Id.* Plaintiff informed Judge Servitto that the treatment facility could not provide him a kosher diet, which violated his religious beliefs. *Id.* Judge Servitto allegedly told him that if he did not "forego [his] religious beliefs," he would send him to county jail. *Id.*

The amended complaint alleged Judge Servitto violated Plaintiff's First, Sixth, Eighth, and Fourteenth Amendment rights by giving Plaintiff "an excessive bond," by violating Plaintiff's right to counsel at the bond hearing, and by making Plaintiff "choose between jail or [a] kosher diet." *Id.* at 31. It also alleged that Chief Judge Biernat violated Plaintiff's First, Sixth, Eighth, and Fourteenth Amendment rights "by failing to oversee Judge Servitto properly as according to M.C.R. 8.110(C)(3)(a), (h)." *Id.* And it alleged that Jeslyn Agee violated Plaintiff's Eighth and Fourteenth amendment rights "by asking [Judge Servitto] his opinion even though he ordered the evaluation [using] an excessive sentence to treatment and not equal protection under the law." *Id.* For relief, the amended complaint sought compensatory damages and "injunctive relief ordering the Circuit Court to provide [Plaintiff] an independent substance abuse evaluation and to abide by that recommendation." *Id.* at 32.

## LEGAL STANDARD

Because the Court granted the in forma pauperis application, ECF 4, the Court must review the amended complaint under 28 U.S.C. § 1915(e). The Court must also

2

dismiss the complaint if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court may dismiss a complaint for failure to state a claim if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). And although the Court must liberally construe a pro se civil rights complaint, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the Court must not exempt a pro se litigant from the pleading requirements of the Federal Rules of Civil Procedure. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## DISCUSSION

The Court will first dismiss the requested injunctive relief. For one, the Circuit Court is not a party to the lawsuit. For another, "[f]ederal courts may only entertain [injunctive] claims when they seek to ensure a state official's compliance with federal law." *Thomas v. Tennessee*, 451 F. Supp. 3d 849, 864 (W.D. Tenn. 2020) (citations and emphasis omitted). Because the injunctive relief "seeks a ruling from th[e] Court that enforces a [S]ate-court decision predicated on compliance with [S]tate law, or that requires Defendants to comply with" a State law, the Eleventh Amendment bars the Court from exercising jurisdiction over the claim. *Id.* at 865.

Next, the Court will dismiss all the monetary claims against the individual capacity Defendants. The Eleventh Amendment bars Plaintiff's claims for money

3

damages against Defendants in their official capacity. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009)).

The Court will also dismiss the monetary claims against Chief Judge Biernat in his individual capacity based on judicial immunity. Judges have absolute judicial immunity from damages claims against their personal capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *see also Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). "[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages." *Mireles*, 502 U.S. at 11. Absolute judicial immunity may be overcome when a judge takes nonjudicial action or when a judge acts in complete absence of all jurisdiction. *Id*. at 12. But Plaintiff did not allege that either exception applies. *See* ECF 6. Besides, the amended complaint alleged, at best, that Chief Judge Biernat violated Michigan's Court Rules—not federal law.

In any event, a Michigan Chief Judge's supervisory duty under M.C.R. 8.110(C)(3) falls under the judge's immunity. *Davis v. 36th Dist. Ct.*, No. 2:20-cv-12145, 2021 WL 2402083, at *3 (E.D. Mich. June 11, 2021) (noting that M.C.R. 8.110(C)(3)'s authority is "so inherently related to the essential functioning of the court as to be traditionally regarded as a judicial act.") (Murphy, J.) (alterations omitted) (quoting *Sparks v. Character & Fitness Comm. of Ky.*, 859 F.2d 428, 433 (6th Cir. 1998). Thus, the Court will dismiss the claims against Chief Judge Biernat.

The Court will also dismiss Judge Servitto based on judicial immunity. Every alleged action from Judge Servitto occurred while he was in his judicial capacity

4

because they involved his conduct during hearings and his judicial orders. ECF 6, PgID 28–29. Although Plaintiff alleged that Judge Servitto could not increase his bond under Mich. Comp. Laws § 780.65, Plaintiff never alleged that Judge Servitto acted in complete absence of all jurisdiction. *See* ECF 6. To be sure, Mich. Comp. Laws §780.65(1) allows "the court before which the proceeding is pending" to alter bail amounts. The Court will therefore dismiss Judge Servitto.

Last, the Court will dismiss Agee for failure to state a claim. The Eighth Amendment claim against Agee is based on her "asking [Judge Servitto] his opinion even though he ordered the evaluation [using] an excessive sentence of treatment." ECF 6, PgID 31. Put differently, Agee did not follow Michigan law governing the evaluation process "by involving the judge in the process." *Id.* at 29. The claim is therefore not an Eighth Amendment claim, but perhaps a State law claim.

The Fourteenth Amendment claim is based on equal protection violations. ECF 6, PgID 31. Yet Plaintiff failed to show how Agee treated him different from any other similarly situated person or that Agee acted with animus. *See Yerkes v. Ohio State Highway Patrol*, 455 F. Supp. 3d 523, 542–43 (S.D. Ohio 2020) (explaining equal protection case law). The Court will therefore dismiss the claims against Agee for failure to state a claim.

In sum, the Court will sua sponte dismiss the amended complaint under 28 U.S.C. § 1915(e). "[D]ismissal under § 1915(e) 'is not a dismissal on the merits, but rather an exercise of the [C]ourt's discretion under the in forma pauperis statute.'" *Davis v. Butler Cnty.*, 658 F. App'x 208, 212 (6th Cir. 2012) (italics removed) (quoting

5

*Denton v. Hernandez*, 504 U.S. 25, 34 (1992)). Finally, the Court will deny Plaintiff leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* § 1915(a)(3).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the complaint [1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff is **DENIED** in forma pauperis status on appeal.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 4, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 4, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager
